**SWEET JAMES, LLP**
ISRAEL WHITBECK, ESQ. (SBN 12519)
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660
Tel.: (949) 644-1000
Fax: (949) 644-1005
ipw-service@sweetjames.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| HUMBERTO DIAZ, an individual; SOUAD SUE AWADA, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA LLC, a Limited Liability Company; BRAYAN GUTIERREZ, an individual; DOES 1 through 50, inclusive.<br><br>Defendants. | **CIVIL ACTION NUMBER:** |

## COMPLAINT FOR DAMAGES

Plaintiffs, HUMBERTO DIAZ, SOUAD SUE AWADA, by counsel, respectfully allege the following on their Complaint against Defendants, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC., and BRAYAN GUTIERREZ.

## GENERAL ASSERTIONS

## I. PARTIES

1. Plaintiff, HUMBERTO DIAZ, is a 49-year-old resident of Santa Clarita, California. His current residence is 24456 Mockingbird Court, Santa Clarita, California 91355. Plaintiff is a citizen and resident of the state of California.

2. Plaintiff, SOUAD SUE AWADA, is a 48-year-old resident of Santa Clarita, California. Her current residence is 24456 Mockingbird Court, Santa Clarita, California 91355. Plaintiff is a citizen and resident of the state of California.

3. Plaintiffs state of citizenship and domicile is California and is the state in which they intend to live in for the long run.

4. Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC., was a Company authorized to do business in, and doing business in the State of Nevada and is incorporated in Delaware.

5. Defendant, BRAYAN GUTIERREZ, was an individual over the age of 18 and a resident of the City of Las Vegas, State of Nevada.

6. Defendant BRAYAN GUTIERREZ state of citizenship and domicile is Nevada and is the state in which he intends to live in for the long run.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction of this case pursuant to 28 U.S.C § 1332(a)(l). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiffs are citizens of California. Defendant Brayan Gutierrez is a citizen of Nevada. Defendant Swift Transportation Co. of Arizona, LLC., is a company authorized and doing business in the state of Nevada.

8. Venue is properly before this Court under 28 U.S.C. § 1391(b)(1), because Defendant Brayan Gutierrez is a citizen of Nevada and Defendant Swift Transportation Co. of Arizona, LLC., is a company authorized and was doing business in the state of Nevada.

9. The Court has jurisdiction over the Defendants.

10. Furthermore, venue is proper in this District 28 U.S.C. § 1391 because it

is a civil action on diversity of citizenship involving matters, events, transactions and occurrences, a substantial portion which are relevant to Plaintiffs' claims, took place within the geographical boundaries of this district.

### III.    BACKGROUND

11. On or about September 13, 2021, at approximately 4:30 p.m., Plaintiffs were traveling Westbound on IH-40 in Oldham County, Texas.

12. At said time and place, Defendant Brayan Gutierrez was also traveling Westbound on IH-40 in Oldham County, Texas.

13. Despite the fact that Plaintiffs vehicle had possession and control of the lane in which Plaintiffs were traveling, Defendant Brayan Gutierrez changed lanes and moved into the Plaintiffs' vehicle, colliding with the Plaintiffs' vehicle and thereby causing significant injuries to the Plaintiff.

14. Defendant Brayan Gutierrez was operating the subject vehicle with the express or implied authority and permission of Defendant Swift Transportation Co. of Arizona, LLC., as an agent or employee of Defendant Swift Transportation Co. of Arizona, LLC., and within the course and scope of his agency or employment with Defendant Swift Transportation Co. of Arizona, LLC.

### IV.    NEGLIGENCE

#### Count I - Liability

Comes now Plaintiffs, by counsel, and for Count I of this cause of action against Defendants, state as follows:

15. Plaintiffs adopt and incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above.

16. At said time and place, the Defendant, Brayan Gutierrez, was careless and negligent in one or more of the following respects:

   a. The Defendant carelessly and negligently failed to maintain a proper lookout ahead of his vehicle;

    b. The Defendant carelessly and negligently failed to keep his vehicle under proper control;

    c. The Defendant failed to exercise reasonable care to alter or divert the course of his vehicle so as to avoid a collision;

    d. The Defendant carelessly and negligently failed to apply the brakes of his vehicle in time to avoid an accident; and,

    e. The Defendant carelessly and negligently operated his vehicle at an unreasonable rate of speed under the circumstances.

17. Defendant Brayan Gutierrez was operating the subject vehicle with the express or implied authority and permission of Defendant Swift Transportation Co. of Arizona, LLC., as an agent or employee of Defendant Swift Transportation Co. of Arizona, LLC., and within the course and scope of his agency or employment with Defendant Swift Transportation Co. of Arizona, LLC.

18. Defendant Swift Transportation Co. of Arizona, LLC., knew or should have known that Defendant Brayan Gutierrez was unfit to operate the subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant Brayan Gutierrez.

### **Count II - Damages**

Comes now Plaintiffs, by counsel, and for Count II of this cause of action against Defendants, state as follows:

19. Plaintiffs adopt and incorporate herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above.

20. As a direct and proximate result of the collision, the Plaintiffs sustained severe and permanent injuries as a result of this incident.

21. As a result of their injuries and their effects, the Plaintiffs, in order to treat their injuries and to lessen their pain and suffering, have been required to engage the services of physicians and to this date have incurred over $300,000.00 in medical bills

for such treatments.

22. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiffs have missed time from work resulting in lost wages.

23. As a result of the injuries sustained in this collision, the Plaintiffs quality of life has diminished indefinitely.

24. As a direct and proximate result of the carelessness and negligence of the Defendants, as aforesaid, the Plaintiffs have been damaged.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants, in an amount commensurate with his injuries and damages, for attorney's fees, for the costs of this action, for trial by jury, and for any and all other relief just and proper in the premises.

January 11, 2023,                         Respectfully Submitted,

**SWEET JAMES, LLP**

By: *Israel Whitbeck*
ISRAEL WHITBECK, ESQ. (SBN 12519)
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660
Tel.: (949) 644-1000
Fax: (949) 644-1005
ipw-service@sweetjames.com
Attorneys for Plaintiffs